CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 24, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **GREGORY BINNS,** ) | |
| Plaintiff, ) | Case No. 7:24-cv-00848 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **CAPTAIN COCHRANE, et al.,** ) | Senior United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Gregory Binns, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against six correctional officers at Wallens Ridge State Prison (Wallens Ridge). The case is presently before the court on the defendants' partial motion to dismiss. ECF No. 21. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

### I.  Background

According to the complaint, Binns was escorted to the medical unit at Wallens Ridge on August 19, 2024, after being accused of throwing waste through his tray slot. Compl., ECF No. 1, at 3. Once he arrived in the medical unit, defendants Cope and Boggs placed him in excessively tight ambulatory restraints. Id. at 4. Binns remained in ambulatory restraints until approximately 3:00 a.m. on August 20, 2024. Id. During the intervening period, Binns experienced "extreme pain from the tight restraints." Id.

At approximately 1:30 p.m. on August 20, 2024, defendants Cope, Boggs, and Cochrane informed Binns that he was going to be placed in ambulatory restraints again. Id. When Binns asked why the restraints were necessary, all three officers sprayed him with "OC

mace" and then placed him back in excessively tight ambulatory restraints without decontaminating him first. Id. at 6. Binns alleges that the spray made direct contact with his face and body and that he was "forced to endure physical pain [and] a constant burning sensation" for approximately 24 hours, during which the restraints prevented him from being able to wipe his eyes. Id.

On the morning of August 23, 2024, Binns threatened to harm himself. Id. at 7. Approximately an hour later, Cope, Boggs, and Cochrane moved him to segregation. The following day, defendants Cooke and Blaha placed Binns in ambulatory restraints again after employing an "excessive burst of OC [spray]," despite Binns complying with "all orders." Id. at 8. Binns alleges that he remained in ambulatory restraints for an "excessive period[] . . . while burning from the mace." Id. at 9.

Based on these and other allegations, Binns filed this action under 42 U.S.C. § 1983, asserting violations of his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. Binns also asserts claims under state tort law. In addition to Cope, Boggs, Cochrane, Cooke, and Blaha, Binns names as a defendant T. Hall, who he identifies as "the security manager at [Wallens Ridge] during the events alleged in the complaint." Id. at 2.

The defendants, who are sued in their individual and official capacities, have filed a partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 21. Binns has responded to the motion, ECF No. 25, and the motion is ripe for review.

2

## II.     Standard of Review

Rule 12(b)(6) permits defendants to seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Pro se litigants still must allege sufficient facts to state a plausible claim for relief. Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016).

## III.     Discussion

The defendants have moved to dismiss the following claims: (1) any claim against defendant Hall; (2) an Eighth Amendment claim for denial of medical care; (3) a claim of negligent failure to protect; and (4) any claim for damages asserted against the defendants in their official capacities under § 1983. The court will address each argument in turn.

### A.     Defendant Hall

Defendant Hall is referenced solely in the list of parties identified on the second page of the complaint. See Compl. at 2. Hall is not mentioned in the section summarizing the facts

3

on which Binns's claims are based or the section setting forth his specific "claims for relief." Id. at 3–12.

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (internal quotation marks and alterations omitted). Although "the pleading standard Rule 8 announces does not require 'detailed factual obligations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). A complaint that "tenders naked assertions devoid of further factual enhancement" does not suffice. Id. (internal quotation marks and alterations omitted).

The court agrees with the defendants that the complaint fails to provide fair notice of any claim against Hall or the grounds upon which such claim rests. Merely listing Hall as a defendant does not satisfy the pleading requirements of Rule 8. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Accordingly, any claim against Hall must be dismissed without prejudice.

B.  **Eighth Amendment Claim for Denial of Medical Care**

In his claim for relief designated as Claim Six, Binns asserts that defendants Cope, Boggs, Cochrane, Blaha, and Cooke violated the Eighth Amendment by denying him medical

4

care after placing him in ambulatory restraints. Compl. at 11. The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. "'A prison official's deliberate indifference to an inmate's serious medical needs' violates that provision." Phoenix v. Amonette, 95 F.4th 852, 859 (4th Cir. 2024) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

"A successful medical deliberate indifference claim has 'two components, objective and subjective.'" Id. (quoting Jackson, 775 F.3d at 178). "The objective element requires an objectively serious medical condition." Short v. Hartman, 87 F.4th 593, 612 (4th Cir. 2023) (internal quotation marks omitted). A condition is sufficiently serious if it is diagnosed by a physician as requiring treatment or is so obvious that even a lay person would easily recognize the need for medical attention. Id. To satisfy the subjective component, a plaintiff must show that the defendant "had actual subjective knowledge of both the [plaintiff's] serious medical condition and the excessive risk posed by the official's action or inaction." Jackson, 775 F.3d at 178.

In moving to dismiss this claim, the defendants focus solely on the objective component, arguing that the complaint "does not establish a serious medical need." Defs.' Br. Supp. Mot. Dismiss, ECF No. 22, at 4. At this stage of the proceedings, however, the court disagrees. Courts have held that "several hours of untreated severe pain" can be sufficient to satisfy the objective component. Al-Turki v. Robinson, 762 F.3d 1188, 1194 (10th Cir. 2014); see also Krell v. Braightmeyer, 828 F. App'x 155, 159 (4th Cir. 2020) (rejecting the defendant's argument that "mere complaints of pain are insufficient to establish a constitutional violation" and holding that evidence that officers failed to provide medical care for a detainee

5

experiencing severe pain was "enough to prevail on a claim of deliberate indifference"); McCowan v. Morales, 945 F.3d 1276, 1291 (10th Cir. 2019) (concluding that "several hours of excruciating pain" satisfied the objective prong). Here, Binns alleges that he experienced extreme pain from being confined in overly tight ambulatory restraints on three occasions for up to 24 hours, two of which immediately followed the deployment of an excessive amount of OC spray without decontamination. Although "not every twinge of pain" gives rise to an actionable Eighth Amendment claim, the factual allegations viewed in the light most favorable to Binns describe "significant, as opposed to trivial, suffering." Al-Turki, 762 F.3d at 1193 (internal quotation marks omitted); see also Mason v. Conn. Dep't of Corr., No. 3:21-cv-1088, 2022 WL 19341, at *6 (D. Conn. Jan. 3, 2022) (concluding that an inmate sufficiently alleged that he was exposed to an objectively serious risk of harm to his health as a result of being placed in short-chained restraints and tight cuffs for an extended period, causing extreme pain). Because the allegations are sufficient to satisfy the objective component at this stage, the defendants' motion to dismiss will be denied with respect to the Eighth Amendment claim for denial of medical care.

**C. Negligent Failure to Protect**

In his claim for relief numbered as Claim Seven, Binns asserts that defendants Cope, Boggs, Cochrane, Blaha, and Cooke negligently failed to protect him from a risk of serious injury. It is not entirely clear whether this claim is brought under § 1983 or state law. To the extent the claim is asserted under § 1983, the court agrees with the defendants that it must be dismissed. See Wilson v. Seiter, 501 U.S. 294, 305 (1991) (explaining that "mere negligence" does not give rise to a federal constitutional claim under § 1983).

**D.     Claim for Monetary Damages Against the Defendants in Their Official Capacities**

The defendants have also moved to dismiss any claim for damages against them in their official capacities under § 1983. It is well settled that the Eleventh Amendment "bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983." <u>Lawson v. Gault</u>, 828 F.3d 239, 278 (4th Cir. 2016) (citing <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989)). Additionally, whereas § 1983 "permits suit against 'every person' who deprives an individual of his or her rights under color of state law, neither States nor state officials acting in their official capacities constitute 'persons' within the meaning of the statute when sued for monetary relief." <u>Fauconier v. Clarke</u>, 966 F.3d 265, 279-80 (4th Cir. 2020). Thus, any claim for damages against the defendants in their official capacities under § 1983 must be dismissed.

## IV.     Conclusion

For the reasons stated, the defendants' partial motion to dismiss under Rule 12(b)(6), ECF No. 21, is **GRANTED IN PART AND DENIED IN PART**.  An appropriate order will be entered.

Entered: February 24, 2026

Michael F. Urbanski
U.S. District Judge
2026.02.24 10:58:29
-05'00'

Michael F. Urbanski
Senior United States District Judge